**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| WILHY HARPO,<br>1400011173,<br><br>                  Petitioner,<br><br>v.<br><br>CITY OF ATLANTA, ATLANTA MUNICIPAL COURT, ATLANTA CITY DETENTION CENTER, and ATLANTA CITY DETENTION CENTER CHIEF JAILOR,<br><br>                  Respondents. | 1:14-cv-2157-WSD |
| WILHY HARPO,<br>1400011173,<br><br>                  Petitioner,<br><br>v.<br><br>FULTON COUNTY SHERIFF, FULTON COUNTY JAIL, FULTON COUNTY SUPERIOR COURT, FULTON COUNTY DISTRICT ATTORNEY, ATLANTA CITY DEPARTMENT OF CORRECTIONS, ATLANTA CITY DETENTION CENTER, A.C.D.C. CHIEF JAILOR, ATLANTA POLICE OFFICER JORDAN WOLFORD, and CITY OF ATLANTA,<br><br>                  Respondents. | 1:14-cv-2208-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [2] ("R&R").[1]

## I. BACKGROUND

Petitioner is a pre-trial detainee in the Atlanta City Detention Center. On July 7, 2014[2] and on July 11, 2014,[3] Petitioner Wilhy Harpo ("Petitioner") filed separate but nearly identical "Emergency and Extraordinary Petition[s] for Writ of Habeas Corpus & 42 U.S.C. § 1983" (the "Petition") in the above-captioned cases. The Petition raises claims for habeas relief pursuant to 28 U.S.C. § 2241 and claims for monetary damages pursuant to 42 U.S.C. § 1983.[4]

On July 16, 2014, the Magistrate Judge noted that Petitioner could not raise § 2241 claims and § 1983 claims in the same proceeding, and recommended that the Court dismiss the Petition without prejudice and recommended that no

---

[1] The Magistrate Judge entered the identical R&R in both of the above-captioned cases.
[2] Civil Action No. 1:14-cv-2157-WSD at [1].
[3] Civil Action No. 1:14-cv-2208-WSD at [1].
[4] When filing his Petition, Petitioner did not pay the filing and administrative fee required for civil actions and did not file an application to proceed *in forma pauperis*. The Magistrate Judge noted that Petitioner has filed numerous complaints and appeals that have been deemed frivolous and that Petitioner, currently incarcerated, may be subject to the filing restrictions contained in 28 U.S.C. § 1915(g).

certificate of appealability ("COA") should be issued. Petitioner did not file any objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Analysis

As Plaintiff has not objected to the Magistrate Judge's R&R, the Court reviews the Magistrate Judge's findings and recommendations for plain error. <u>See Slay</u> 714 F.2d at 1095.

"An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: 'a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.'" Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (quoting Hill v. McDonough, 547 U.S. 573, 579 (2006)). "These avenues are mutually exclusive . . . ." Id. The Magistrate Judge found that the Petition improperly raised claims pursuant to both § 2241 and § 1983, and properly recommends that the Petition be dismissed. See, e.g., id. The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000).

The Magistrate Judge recommended that a COA not be issued, finding that Petitioner failed to meet the standard set forth in Slack. It is not debatable that the

Petitioner is not entitled to bring both § 2241 and § 1983 claims in the same proceeding. See, e.g., Hutcherson, 468 F.3d at 754. The Court finds no plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 25th day of September, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE